UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RICHELLE DEARBORN,                                                                   Plaintiff,

v.                                                                      Civil Action No. 3:20-cv-387-DJH

ONIN STAFFING, LLC and AGC FLAT
GLASS NORTH AMERICA, INC.,                                                       Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

Plaintiff Richelle Dearborn alleges that she was subjected to sexual harassment and retaliation during her employment with Defendants Onin Staffing, LLC and AGC Flat Glass North America, Inc. (Docket No. 1-3) Onin and AGC move to dismiss the harassment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.N. 5; *see* D.N. 7) After the motion to dismiss became ripe, Dearborn moved for leave to amend her complaint to add two defendants. (D.N. 13) Because the proposed amendment would destroy the Court's subject-matter jurisdiction, Dearborn simultaneously moved to remand the case to state court. (*Id.*) For the reasons explained below, the Court will deny Dearborn's motion and grant the motion to dismiss.

**I.**

The following facts are set forth in the complaint and accepted as true for purposes of the motion to dismiss. *See Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Dearborn worked for Onin at AGC's facility. In early 2019, AGC Human Resources Manager Brittany Bradley began speaking "openly in the workplace, in graphic detail, regarding the sexual relationship that Ms. Bradley was having with a member of management at AGC, Saul Abarca." (D.N. 1-3, PageID # 12) Bradley also indicated to Dearborn that she would like to have a sexual relationship with Dearborn. (*Id.*, PageID # 13) Dearborn complained to Onin District Manager John Myers about

1

Bradley's statements in March or April 2019.  Myers was unconcerned about Bradley's behavior but did express concern about the possibility that Dearborn might jeopardize Onin's contract with AGC.  (*Id.*)  Soon thereafter, Onin hired a marketing manager "who effectively took over many of Ms. Dearborn's job duties and responsibilities and undercut Ms. Dearborn's ability to perform her job."  (*Id.*)  When Dearborn complained to Myers that the new employee was making it difficult to perform her job, he responded that the new employee had been put in place in response to Dearborn's discomfort with Bradley.  (*Id.*)  In late June 2019, Dearborn was placed on a performance improvement plan; in mid-July, her employment was terminated for alleged insubordination.  (*Id.*)

Dearborn filed this action in Hardin Circuit Court, asserting claims of hostile work environment and retaliation under the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*  (D.N. 1-3)  Onin removed the case to this Court on the basis of diversity jurisdiction.  (D.N. 1-2)  One week later, Onin filed its motion to dismiss, arguing that Dearborn failed to allege sufficient facts to support her hostile-work-environment claim.  (D.N. 5)  AGC joined the motion.  (D.N. 7)

In response to the motion to dismiss, Dearborn maintained that her complaint was adequate but requested that she be allowed to amend the complaint if the Court found it deficient.  (D.N 10, PageID # 64, 67)  Although she did not elaborate on the nature of the requested amendment, Dearborn attached a proposed amended complaint to her subsequent motion for leave to amend.  (*See* D.N. 13-1)  It asserts the same two claims as the original complaint but adds Bradley and Myers as defendants.  (*Compare* D.N. 13-1 *with* D.N. 1-3, PageID # 10-17)  Bradley, like Dearborn, is a Kentucky citizen (*see id.*, PageID # 82-83), and Dearborn therefore also moves to remand the case to state court for lack of subject-matter jurisdiction.  (D.N. 13)  The defendants

oppose Dearborn's motion, arguing that the amendment is sought for the sole purpose of destroying diversity. (D.N. 14) Dearborn did not file a reply.

## II.

Because Dearborn's motion raises the issue of subject-matter jurisdiction, the Court's analysis begins there. *See Spurr v. Pope*, 936 F.3d 478, 482 (6th Cir. 2019) (noting that "if th[e] court lacks subject matter jurisdiction, the Rule 12(b)(6) motion becomes moot" (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990))).

**A.     Motion for Leave to Amend/Motion to Remand**

Pursuant to 28 U.S.C. § 1447(e), "a district court may deny a plaintiff's motion to join a defendant whose joinder would destroy subject-matter jurisdiction." *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016); *see* § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). This "discretionary determination" turns on four factors: "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." *Id.* (citing *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462-63 (4th Cir. 1999)).

Here, Dearborn's "joinder of nondiverse defendant [Bradley], [her] simultaneous motion to remand the case to state court, and [her] failure to include any additional claims in [her] amended complaint indicate that [Dearborn] filed the motion to amend with the intent to destroy federal

3

jurisdiction." *Telecom Decision Makers*, 654 F. App'x at 221. Moreover, Dearborn has not explained why she failed to name Bradley as a defendant in her original complaint despite Bradley's primary role in the alleged harassment. *See id.* And notwithstanding Dearborn's conclusory assertion that the amendment "is necessary to provide [her] with appropriate remedies for the harm she has suffered" (D.N. 13, PageID # 79), the proposed amendment would change little with respect to liability, as Dearborn seeks to hold Onin and AGC liable for the actions of Bradley and Myers under the doctrine of *respondeat superior*.[1] (D.N. 13-1, PageID # 87-88; *see id.*, PageID # 83 (alleging that "all supervisors, managers, and coworkers mentioned herein were either employees of Onin or AGC. Their actions against Plaintiff were committed in the scope of their employment and for the benefit of Onin and/or AGC.")) Finally, Dearborn has identified no "other equitable factors" that suggest amendment should be permitted here. *Telecom Decision Makers*, 654 F. App'x at 221. The Court therefore will therefore deny Dearborn's motion to amend, rendering moot her request to remand.

**B.      Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere

---

[1] Notably, Dearborn did not file a reply to elaborate on this assertion.

possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss.[2] *Id.* at 679.

Here, Dearborn fails to state a plausible claim of hostile work environment because she does not plead any facts from which the Court could reasonably infer that she was subjected to harassment because she was a woman. *See, e.g.*, *Coffey v. Equian*, No. 20-5751, 2021 U.S. App. LEXIS 3021, at *5-*6 (6th Cir. Feb. 3, 2021) (finding that plaintiff failed to adequately allege hostile work environment under KCRA where complaint contained no facts suggesting that unpleasant working relationships and ultimate termination were due to plaintiff's gender). Most of the sexual remarks described in the complaint were not made specifically to Dearborn, but rather "openly in the workplace," and they were not of a nature particularly offensive to or derogatory of women. (D.N. 1-3, PageID # 12; *see id.* (alleging that Bradley "would come back to the office [after lunch] to tell Ms. Dearborn and others about the details of [her] sexual encounter" with Abarca)) To the extent Bradley made sexual comments directed at Dearborn, the complaint does not indicate that those two comments were because Dearborn was female; on the contrary, most of the comments described in the complaint pertained to Bradley's sexual relationship with a male coworker. (*See id.*, PageID # 12-13)

The comments described in the complaint are inappropriate and unprofessional, and they would no doubt make coworkers uncomfortable. But Title VII, and by extension the KCRA, "does not prohibit all verbal or physical harassment in the workplace; it is directed only at '*discrimination . . . because of . . . sex.*'" *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998); *see Coffey*,

---

[2] Dearborn notes that Onin seeks dismissal "based on the often-cited, often-misunderstood, standards enunciated in" *Twombly* and *Iqbal*. (D.N. 10, PageID # 64) She then proceeds to cite the "no set of facts" test expressly abandoned by the *Twombly* Court. (*Id.* (quoting *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).)) *See* 550 U.S. at 562-63.

2021 U.S. App. LEXIS 3021, at *4 ("Because section 344.040 mirrors Title VII of the Civil Rights Act of 1964, discrimination claims under the KCRA are analyzed in the same way as claims brought under Title VII." (citing *Smith v. Leggett Wire Co.*, 220 F.3d 752, 758 (6th Cir. 2000))). The Supreme Court "ha[s] never held that workplace harassment . . . is automatically discrimination because of sex merely because the words used have sexual content or connotations." *Oncale*, 523 U.S. at 80. Rather, "[t]he critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id.* (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 25 (1993) (Ginsburg, J., concurring). Because nothing in Dearborn's complaint suggests that she was subjected to harassment because of her sex, her hostile-work-environment claim will be dismissed.[3]  *See Coffey*, 2021 U.S. App. LEXIS 3021, at *6.

Finally, the Court will not grant the "bare request" for leave to amend in Dearborn's response to the motion to dismiss. *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)). Such a request, "without any indication of the particular grounds on which amendment is sought[, ]does not constitute a motion within the contemplation of Rule 15(a)" and need not be granted. *Id.* (quoting *PR Diamonds*, 364 F.3d at 699). Because Dearborn has not identified any facts she could add to the complaint to avoid dismissal under Rule 12(b)(6), amendment is not warranted. *See id.* at 470.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

---

[3] In light of this conclusion, the Court need not consider Onin's alternative argument that Dearborn fails to allege sufficiently pervasive harassment. (*See* D.N. 5-1, PageID # 38-42)

6

**ORDERED** as follows:

(1)     Dearborn's motion to amend and remand (D.N. 13) is **DENIED**.

(2)     Onin's motion to dismiss (D.N 5), joined in by AGC, is **GRANTED**.  Count 1 of Dearborn's complaint is **DISMISSED** as to both defendants.

(3)     Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is hereby **REFERRED** to U.S. Magistrate Judge Regina S. Edwards for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues.  Judge Edwards is further authorized to conduct a settlement conference in this matter at any time.

March 18, 2021

David J. Hale, Judge
United States District Court